IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| DONALD ALAN MORRIS | ) | Case No. 09-72667 |
| SHELLY RAE MORRIS | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM DECISION

On January 4, 2010, Capital One Auto Finance filed a Motion for Approval of a Reaffirmation Agreement seeking this Court's approval of a reaffirmation agreement signed by the male Debtor, Donald Alan Morris, on December 10, 2009, regarding a 2005 Chevrolet Cavalier automobile financed by Capital One. Although the Statement filed by Debtors' counsel pursuant to Bankruptcy Rule 2016(b) with the petition indicated that he had agreed "to render legal service for all aspects of the bankruptcy case" other than representation in certain specified proceedings, but not limiting representation with respect to reaffirmation agreements, the male debtor represented in a motion filed with the Court to approve the reaffirmation agreement that he was not represented by an attorney "during [the] course of the negotiation of the reaffirmation agreement."  In any event the Debtors' Schedules I and J filed with their petition represent that their living expenses exceed their income, even disregarding the Cavalier car payment, and therefore a presumption of undue hardship arises.  Furthermore, the information filed as a part of the Motion "package" did not disclose how Mr. Morris would be able to make the payments.  A hearing was held before this Court on February 8, 2010, at which Mr. Morris appeared together with a member of his bankruptcy counsel's firm, who indicated that her firm was uncomfortable signing the attorney's certification with respect to the reaffirmation agreement because of

concerns about the issue of undue hardship. She also noted that the firm did review the reaffirmation agreement with Mr. Morris but that there was no "negotiation" of its terms with Capital One, which she stated is one of those creditors that doesn't negotiate more favorable terms with debtors with respect to such contracts. A review of the reaffirmation agreement "package" indicates that it contemplates reaffirmation of the pre-bankruptcy terms of the contract, which in this case means an agreement to pay a petition date balance of $6,965.56 plus interest at the rate of 9.95% in forty one monthly installments of $203.78 per month. The Cavalier is valued in Schedule B at $3,225, which is a trade-in value, while the Motion before the Court asserts that the value of the car is $5,950. So even under the value stated by Capital One it is clear that Mr. Morris owes more on the vehicle than it is worth. Counsel for the Debtors requested the Court, in the event that it was unwilling to approve the reaffirmation agreement, to rule that Mr. Morris had complied with all applicable requirements of the Bankruptcy Code and that Capital One ought to be prohibited from exercising its "ipso facto" bankruptcy clause in the loan contract so long as such Debtor remains current on the contractual payments. There was no appearance on behalf of the creditor.

      Mr. Morris testified that he has been out-of-work since August of 2009 and that the sole income of his household consisting of himself, his wife and their two teenage children is unemployment compensation he is presently receiving. He stated that he has been diligently but unsuccessfully looking for new employment and that his wife does not work outside of the home so that she can take care of the children. He further indicated that the Chevrolet Cavalier is the family's only vehicle and that he didn't feel that they could risk losing it. His testimony made it clear that he understood the possible consequences if he proved unable to make the remaining

payments due on the car and that he wanted to reaffirm the debt.  He explained that he pays the house and car payments first and basically that they make do with what is left.  The Court finds that Mr. Morris understands all relevant information concerning the legal effect and potential consequences of reaffirming this debt.  It further finds that he was in fact represented by counsel at the time of, and in connection with, his making of the reaffirmation agreement, but that no actual negotiation occurred between him or his counsel and Capital One with respect to any modified terms of the reaffirmed contract.  The Court in good conscience is not able to find that the statutory presumption of undue hardship, which arises here because there is no suggestion that Capital One is a credit union, has been rebutted.  *See* 11 U.S.C. § 524(m)(1) and (2).  Finally, while predicting any creditor's reaction to a ruling denying approval of a reaffirmation agreement is unquestionably somewhat speculative, it further finds that in view of the "negative" equity in the vehicle, the Debtors' inability to redeem the vehicle or pay for it otherwise than with monthly amortizing payments, the loan payment history and current status of such loan, it is unlikely that Capital One will attempt to enforce any "ipso facto" clause making a bankruptcy filing an event of default as long as payments continue to be made in a timely manner.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984.  The Bankruptcy Code expressly provides in 11 U.S.C. § 524 for bankruptcy courts to have a role in either approving or disapproving proposed reaffirmation agreements when a debtor's living expenses exceed his or her income, which is the case presented here.  Accordingly, the Court concludes that such a matter is a "core" bankruptcy

proceeding pursuant to 28 U.S.C. § 157(b)(2)(O) in that it involves the adjustment, or at least potential adjustment, of the debtor-creditor relationship and contemplates the debtor's waiver of the benefit of a discharge with respect to a particular obligation when there is no showing, such as is the case here, that there is any valid basis to deny a discharge or except a particular debt from such discharge.

Section 524(m)(1) of the Bankruptcy Code provides that a presumption of "undue hardship" arises when a "debtor's monthly income less the debtor's monthly expenses . . . is less than the scheduled payments on the reaffirmed debt." Such presumption may be rebutted if the debtor "identifies additional sources of funds to make the payments as agreed upon under the terms of such [reaffirmation] agreement." No such additional source of funds has been identified to the Court. The Court is authorized to approve a reaffirmation agreement with respect to an obligation of the kind presented here and which is not owed to a credit union only if it concludes that its terms do not impose an undue hardship upon the debtor or the debtor's dependents. *See* 11 U.S.C. § 524 (c)(5), (d)(2) and (m). While the Court recognizes that the Debtors could face a hardship in the generic sense even if the reaffirmation agreement is not approved and Capital One attempts to enforce its "ipso facto" bankruptcy provision, the Code appears to limit bankruptcy courts' consideration to the more readily determinable question of whether there is enough income or other source of funds available to leave enough money after considering a debtor's living expenses to make the payments on a reaffirmed debt. Accordingly, the Court concludes that it is bound to deny approval of the agreement before it.

This Court has previously ruled[1] that 11 U.S.C. § 524(c), (d), and (k)(5) do not

---

[1] *See In re Allison*, No. 09-71737 (Bankr. W.D. Va. Dec. 4, 2009).

provide for the Court to approve a reaffirmation agreement when the debtor has been represented by counsel during the negotiation of the agreement except in the very limited situation that the attorney has certified that in his/her opinion the "debtor is able to make the payment" even though a presumption of undue hardship has been established. In such a situation it is the responsibility of the Court to determine whether the presumption of "undue hardship" has been "rebutted to the satisfaction of the court" pursuant to 11 U.S.C. § 524(m)(1), and then only if the creditor is not a credit union within the provision of 11 U.S.C. § 524(m)(2). The Code does not authorize the Court to relieve counsel for the debtor of counsel's responsibility under such section when the attorney is not willing to certify but the client still wants to reaffirm. *See In re Calabrese*, 353 B.R. 925 (Bankr. M.D. Fla. 2006). If the attorney is not willing to certify in the first place, that is supposed to be the end of the matter and the reaffirmation agreement is not legally effective. The Court recognizes that these provisions create a very definite tension between an attorney's role as counselor to the client and that of advocate to assist the client in accomplishing the latter's lawful objectives. The way this section is constructed makes the attorney, in effect, a gate keeper against well intentioned but ill advised reaffirmations of existing obligations, at least in those situations in which the attorney is representing the debtor with respect to such matters. The Court concludes that it need not determine in this case whether counsel's argument that the firm did not represent the Debtors in connection with the "negotiation" of this reaffirmation agreement because the creditor's position in the matter did not permit any question of negotiating terms, but simply either a complete reaffirmation of the original contract or a refusal to do so, has merit. Even if the firm had approved and signed the attorney's certification form, the existence of the un-rebutted presumption of undue hardship

would have required a court hearing in any event.

The Court points out that neither the failure of this Court to approve the reaffirmation agreement with Capital One nor the unwillingness of counsel for the Debtors to certify precludes Mr. Morris from continuing to make the payments or Capital One from continuing to accept payments on this debt from him. The Court further observes that Mr. Morris appears to have fully complied with both the precise language and the spirit of the actions required of him in order to obtain a continuation of the automatic stay pursuant to 11 U.S.C. § 362(h)(1) and to retain possession of the Cavalier pursuant to § 521(a)(6). The Court does not attempt to rule here on what effect its non-approval of the reaffirmation agreement has upon Capital One's right, if any, to enforce the bankruptcy "ipso facto" clause of its contract with Mr. Morris. *See In re Jones*, 591 F.3d 308, 311-12 n. 3 (4th Cir. 2010). In the event such creditor should undertake to assert such a right, the Court grants leave to the Debtors to request that their case be reopened without payment of the usual reopening fee in order to obtain an adjudication of the rights of the parties with respect to such contention.

An order denying Capital One's Motion will be entered contemporaneously herewith.

This 10th day of February, 2010.

                                                William F. Stone, Jr.
                                                UNITED STATES BANKRUPTCY JUDGE